IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDGARDINE BARNES, as Personal Representative of the Estate of James David Barnes, Jr., deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-246-WKW [WO] |
| SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI and WILLIAM C. SELLERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is Defendant William C. Sellers's Motion to Compel Compliance with Rule 45 Subpoenas. (Doc. # 76.) The motion is due to be denied.

A state grand jury has indicted Mr. Sellers for vehicular homicide. The criminal case and this wrongful death action both arise out of the traffic accident that seriously injured James David Barnes, Jr., who later died, and call into question Mr. Sellers's fault in the accident. Mr. Sellers served subpoenas on the Alabama Law Enforcement Agency (ALEA) and the Alabama Department of Forensic Sciences (ADFS) on September 16, 2019, and February 7, 2020, respectively, for (1) the vehicle data recorder from the company truck Mr. Sellers was driving on the date of

the accident, (2) Mr. Barnes's autopsy report, and (3) the traffic homicide investigative file (collectively, the "designated evidence"). The ALEA and ADFS objected to the subpoenas in early 2020, and, thus, neither entity produced the designated evidence. Rather than filing motions to compel, Mr. Sellers filed a motion to stay this action on September 10, 2020, seven months after the close of civil discovery and less than two months prior to the trial date. (Doc. # 42.) In an Order entered on October 2, 2020, the motion for a stay was denied, but Mr. Sellers was granted leave under Rule 45 of the Federal Rules of Civil Procedure to subpoena the ALEA and ADFS to produce the designated evidence for trial and to file, if necessary, any motion to compel no later than October 20, 2020. (Doc. # 50.)

Mr. Sellers's motion to compel does not comply with directives of the October 2, 2020 Order. The court granted Mr. Sellers leave to issue new subpoenas to the ALEA and ADFS to produce the designated evidence for trial on November 2, 2020, not to file a motion to compel on the stale subpoenas issued in September 2019 and February 2020. *See* Fed. R. Civ. P. 45(a)(1). Had Mr. Sellers issued the trial subpoenas for production of the designated evidence following the court's October 2, 2020 Order, even as late as Monday, October 5, 2020, Mr. Sellers would have had time to file a motion to compel, if needed, by the court's October 20, 2020 deadline.[1]

---

[1] In this example, the earlier of fourteen days or the date of compliance (November 2, 2020) would have been fourteen days (*e.g.*, October 19, 2020), since the subpoenas would have been served on October 5, 2020.

2

*See* Fed. R. Civ. 45(d).   Moreover, circumstances may have changed with the passage of time, resulting in changed responses from the relevant state agencies. Mr. Sellers's present motion to compel the ALEA's and ADFS's compliance with the September 2019 and February 2020 subpoenas is untimely and does not comply with the October 2, 2020 Order.

Accordingly, it is ORDERED that Mr. Sellers's Motion to Compel Compliance with Rule 45 Subpoenas (Doc. # 76) is DENIED.

DONE this 20th day of October, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
